UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA WERNER,<br><br>                Plaintiff,<br>v.<br><br>HOLLAND AMERICA LINE, INC.,<br><br>                Defendant. | CASE NO. C19-1439JLR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION BRIEF |

This matter comes before the court on Plaintiff Donna Werner's motion for leave to file an opposition to Defendant Holland America Line, Inc.'s ("Holland America") motion for summary judgment. (*See* Mot. (Dkt. # 33); *See also* MSJ (Dkt. # 20).) For the reasons set forth below, the court GRANTS Ms. Werner's motion.

**A. Procedural Posture**

This case was originally filed in Alaska state court. (*See* Compl. (Dkt. # 1-1) at 1.) Holland America removed this case to the United States District Court for the District of Alaska on December 4, 2018. (*See* Not. of Removal (Dkt. # 1) at 1.) On August 22,

2019, that court granted Holland America's motion to stay the case pending the outcome of Holland America's motion to change venue. (*See* 8/22/19 Order (Dkt. # 19); MTS (Dkt. # 18).) Four days later, on August 26, 2019, Holland America filed a motion for summary judgment. (*See* MSJ.) In that motion, Holland America stated that "[a]lthough it is [Holland America's] position that the transfer issue needs to be resolved prior to consideration of the merits of this action, with no stay having been entered, briefing on this [m]otion can proceed pending a ruling on the [m]otion to [t]ransfer." (*Id.* at 20 (citation to footnote omitted).)

On September 3, 2019, the court granted Holland America's motion to transfer venue and directed the Clerk for the District of Alaska to transfer the case to the United States District Court for the Western District of Washington. (9/3/19 Order (Dkt. # 21) at 15.) The Clerk instructed the parties that "[i]f a motion is pending and undecided at the time of transfer, the moving party must note it for consideration on the court's calendar in accordance with LCR 7(d)." (*See* 9/10/19 Ltr. (Dkt. # 24).) On September 19, 2019, Holland America re-noted its summary judgment motion for October 11, 2019, the fourth Friday after September 19, 2019. (Not. of Re-Noting (Dkt. # 27) at 1.)

On October 11, 2019, Holland America filed a reply in support of its summary judgment motion, noting that Ms. Werner failed to file an opposition to the motion. (MSJ Reply (Dkt. # 29).) Holland America also noted that Ms. Werner's counsel had not appeared or affiliated with local counsel, but that Holland America emailed Ms. Werner's counsel a courtesy copy of the notice re-noting its summary judgment motion. (*Id.* at 2 n.1.)

Ms. Werner's Alaska counsel applied to appear *pro hac vice* on October 22, 2019. (*See* PHV Appl. (Dkt. # 30).) On October 23, 2019, local counsel for Ms. Werner appeared, and Ms. Werner's Alaska counsel's *pro hac vice* application was granted. (*See* Not. of Appearance (Dkt. # 32); 10/23/19 Order (Dkt. # 30)). On the same day, Ms. Werner filed the present motion for leave to file an opposition to Holland America's summary judgment motion. (*See* Mot. at 1.)

**B.     Ms. Werner's Motion**

Ms. Werner asks the court to grant her leave to file an opposition to Holland America's summary judgment motion pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). (*See id.* at 2-3 (citing Fed. R. Civ. P. 6(b)(1)(B).) Along with her motion for leave to file an opposition, Ms. Harbers filed what appears to be the opposition she wishes to file. (*See* Opp. (Dkt. # 33-2).)

The court may extend the time to file a response for good cause if the extension request is made "before the original time or its extension expires." *See* Fed. R. Civ. P. 6(b)(1)(A). However, the party seeking an extension must meet the higher showing of "excusable neglect" if they make the extension request "after the time has expired." *See* Fed. R. Civ. P. 6(b)(1)(B). Although not entirely clear from Ms. Werner's motion, by citing to Rule 6(b)(1)(B), she appears to concede that she failed to timely file her opposition to Holland America's summary judgment motion. (*See* Mot. at 4.)

The court first concludes that Holland America's summary judgment motion was originally filed improperly because the case was stayed. (*See* 8/22/19 Order at 2.) However, because the stay was "pending the Court's Order on the Motion for Change of

Venue" (*see id.*), the stay was lifted when the District of Alaska ruled on that motion and transferred the case to the Western District of Washington. (*See* 9/3/19 Order.) Subsequently, Holland America re-noted its motion for the fourth Friday following the filing of the motion in accordance with Local Civil Rule 7(d)(3), which allowed Ms. Harbers the amount of time to respond set forth in the Local Civil Rules. *See* Local Civil Rules W.D. Wash. LCR 7(d)(3). Accordingly, Ms. Harbers must meet Rule 6(b)(1)(B)'s "excusable neglect" standard. The court concludes that she does.

Under normal circumstances, Holland America re-noting its motion pursuant to Local Civil Rule 7(d)(3) would allow Ms. Werner sufficient time to file an opposition. However, the record reflects that Ms. Werner had difficulty obtaining local counsel as required by the local civil rules. (*See* Mot. at 2; Twomey Decl. (Dkt. # 2) ¶ 6.) Ms. Werner asserts that since September 10, 2019, her Alaska counsel undertook "efforts to retain local counsel," but that "it was not until October 18, 2019 that a relationship with local counsel was formed." (*See* Mot. at 2; Twomey Decl. ¶ 6.) Ms. Werner further contends that "[w]hile Plaintiff's Alaska counsel was out of state caring for his spouse he was alerted to Defendant's position that an opposition had not been filed when Defendant provided a copy of their reply memorandum." (*See* Mot. at 2 (citation to footnote omitted); Twomey Decl. ¶ 7.) Ms. Werner further contends that Holland America would suffer no prejudice from allowing Ms. Werner to file her opposition. (*See* Mot. at 5.)

Holland America filed a response to Ms. Werner's motion on October 25, 2019. (Resp. (Dkt. # 36).) Holland America "takes no position on [Ms. Werner's] request for leave to file an opposition to Holland America's motion for summary judgment." (*Id.* at

1.) Nevertheless, Holland America includes several pages of argument that appears to oppose Ms. Werner's request. (*See, e.g.*, *id.* at 3 ("Plaintiff's contention that Holland America will not be prejudiced by an extension is somewhat misplaced.").) If the court grants Ms. Werner leave to file an opposition, "Holland America respectfully requests the Court permit time to file a reply brief per LCR(d)(3)." (*Id.*)

Given the confusion created by the stay and transfer, Ms. Werner's counsel's difficulty in retaining local counsel, and Ms. Werner's counsel's family health issues, the court finds that Ms. Werner has shown excusable neglect. Additionally, the court finds that Holland America will not suffer prejudice—the dispositive motions deadline in this case is not until March 3, 2020. (*See* Sched. Order (Dkt. # 25).) Accordingly, the court GRANTS Ms. Werner's motion for leave to file an opposition brief. However, the court cautions Ms. Werner's counsel that court will strictly enforce the deadlines set by this case's scheduling order and the Local Civil Rules. (*See id.*) Any further extension requests—even where stipulated—must "be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." *See* Local Civil Rules W.D. Wash. LCR 7(j) ("Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise.").

Accordingly, the court DIRECTS the clerk to re-note Holland America's motion for summary judgment (Dkt. # 20) for **December 6, 2019.** Ms. Werner shall file her opposition brief in the form in which she filed it in conjunction with the present motion

//

//

(*see* Dkt. # 33-2) by **November 26, 2019**. Holland America may file a reply, if any, to the opposition by **December 6, 2019**.

Dated this 21st day of November, 2019.

*[signature]*

JAMES L. ROBART
United States District Judge