UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA WERNER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>HOLLAND AMERICA LINE, INC.,<br><br>　　　　　　　Defendant. | CASE NO. C19-1439JLR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I.　INTRODUCTION

Before the court is Defendant Holland America Line, Inc.'s ("HAL") motion for summary judgment. (MSJ (Dkt. # 20).) Plaintiff Donna Werner opposes the motion. (Resp. (Dkt. # 39).) The court has reviewed the motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the

//

//

//

applicable law. Being fully advised,[1] the court GRANTS HAL's motion for summary judgment.

## II.  BACKGROUND

**A.  Factual Background**

On or around June 10, 2016, Plaintiff Donna Werner and her husband (collectively, "the Werners") booked a seven-day cruise aboard HAL's M/S Noordam cruise. (*See* Bergman Decl. (Dkt. # 10) ¶ 3.) The cruise set sail on August 26, 2016, from Seward, Alaska for several destinations throughout Alaska, including Skagway, Juneau, and Ketchikan. (*See id.*) The Werners also booked a September 1, 2016, shore excursion near Juneau. (*See* Werner Decl. (Dkt. # 13) ¶ 2.)

All cruise passengers, including the Werners, were required to log into HAL's website and complete HAL's online check-in before they could print the documents they would need to present when they first boarded the ship. (*See* Bergman Decl. ¶¶ 4, 8-9.) The Werners completed HAL's online check-in process on June 13, 2016. (*See id.* ¶¶ 4, 14; Werner Decl. ¶ 9.) The check-in process required the Werners to scroll through the full text of the terms of conditions of a contract (the "Cruise Contract") and click a box to accept those terms. (*See* Bergman Decl. ¶ 11, Ex. 5; *see also id.* ¶ 5, Ex. 2 ("Cruise Contract").)[2] The Cruise Contract contains the following choice of law clause:

---

[1] Neither party requests oral argument (*see* MSJ at 1; Resp. at 1), and the court finds oral argument unhelpful to its disposition of the motion, *see* Local Rules LCR 7(b)(4).

[2] The declaration of Tiffany G. Bergman attaches several "exemplars" of HAL documents that HAL and Ms. Bergman contend represent the form of the documents that HAL presented Ms. Werner with as she booked her cruise. (*See, e.g.*, Bergman Decl. ¶¶ 4-5, 13, Exs.

> You acknowledge and agree that except as otherwise expressly provided herein, the resolution of any and all disputes between Carrier and any Guest shall be governed exclusively and in every respect by the general maritime law of the United States without regard to its choice of law principles . . . To the extent such maritime law is not applicable, the laws of the State of Washington (U.S.A.) shall govern the contract, as well as any other claims or disputes arising out of that relationship. You agree this choice of law provision replaces, supersedes and pre-empts any provision of law of any state or nation to the contrary.

(Cruise Contract at 2; *see also id.* at 1 (defining HAL as "Carrier" and "Guest" in part as "the person(s) booking or purchasing the Cruise or Land + Sea Journey").) The Cruise Contract also contains the following clause:

> **15. NOTICE OF CLAIMS AND ACTIONS; TIME LIMITATION; ARBITRATION; FORUM; WAIVER OF CLASS ACTION.**
>
> * * *
>
> (A) Notice of Claims and Time Limits for Legal Action;
> <u>(i) Claims for Injury, Illness or Death:</u>
> In cases involving claims for Emotional Harm, bodily injury, illness to or death of any Guest, no lawsuit may be brought against Carrier unless (1) written notice giving full particulars of the claims is delivered to Carrier within 6 months from the date of the Emotional Harm, bodily injury, illness or death, (2) a lawsuit on such a claim is filed within 1 year from the date of the injury, illness or death, and (3) valid service of the lawsuit is made within 90 days of filing the complaint.

(*Id.* at 11.)

On September 1, 2016, as part of Ms. Werner's HAL booking, Ms. Werner planned to board a tour bus to view the Tracy Arm fjord and glacier. (*See* Werner

//

---

1-2, 6.) Ms. Werner does not dispute Ms. Bergman's declaration testimony regarding the veracity and relevance of these exemplars. (*See generally* Resp.; *see also* Werner Decl. ¶ 9 ("I do not dispute that I or my husband . . . possessed documents identical or similar to those presented by [HAL].").) Accordingly, the court considers it undisputed that the exemplars authenticated by Ms. Bergman's declaration represent the relevant documents in effect at the time Ms. Werner booked her cruise.

Decl. ¶ 2.) Unfortunately, Ms. Werner was injured when she stepped off the tour bus near Juneau, Alaska. (*Id.*) The driver—the first person off the bus—set a small stool at the base of the last bus step. (*Id.* ¶ 3.) Ms. Werner was the first passenger to exit the bus. (*See id.*) According to Ms. Werner, the stool was placed with at least one leg over a drain cover, such that when Ms. Werner stepped on the stool, "it immediately spun around and I landed on the concrete driveway, striking my head and back." (*See id.* ¶¶ 4-5.)

**B.  Procedural Background**

Ms. Werner filed this lawsuit on August 23, 2018, in the Superior Court for the State of Alaska, First Judicial District at Juneau. (*See* Compl. (Dkt. # 1-1) at 6.) HAL removed to the United States District Court for the District of Alaska (the "Alaska District Court") on December 4, 2018. (*See* Not. of Removal (Dkt. # 1) at 1.) HAL filed a motion to change venue pursuant to the Cruise Contract's forum selection clause on March 4, 2019. (MCV (Dkt. # 9).) Ms. Werner opposed the motion, in part arguing that the Cruise Contract was not a legally formed contract. (*See* Resp. to MCV (Dkt. # 11) at 5.) Before the Alaska District Court resolved HAL's motion to change venue, HAL filed a motion for summary judgment on August 26, 2019. (*See* MSJ.)

The Alaska District Court granted HAL's motion to change venue on September 3, 2019. (*See* 9/3/19 Order (Dkt. # 21).) In doing so, the Alaska District Court found that Ms. Werner legally bound herself to the Cruise Contract's terms when she clicked the box representing that "Terms & Conditions have been accepted on behalf of the selected guests" before completing her check-in. (*See id.* at 11-12.) In doing so, the Alaska

1 District Court conclusively ruled that the terms of the Cruise Contract "including the
2 forum selection clause—were unequivocally accepted by [Ms. Werner] and are binding
3 here." (*See id.* at 13.)
4 After this court received transfer, HAL re-noted its summary judgment motion to
5 October 11, 2019. (*See* Not. of Renoting (Dkt. # 27).) Ms. Werner did not timely file an
6 opposition, but on October 23, 2019, Ms. Werner filed a motion for leave to file an
7 opposition. (*See* MFL (Dkt. # 33).) The court found Ms. Werner showed excusable
8 neglect and granted her motion to file an opposition. (*See* 11/21/19 Order (Dkt. # 38) at
9 5-6.) The court now considers HAL's motion for summary judgment.

### III. ANALYSIS

11 HAL contends it is entitled to summary judgment on the ground that the
12 limitations clause in the Cruise Contract bars Ms. Werner's claim, which she filed more
13 than one year after her injury occurred. (*See* MSJ at 1, 14.) Ms. Werner opposes the
14 motion on the grounds that (1) the Cruise Contract's choice of law clause requires the
15 court to apply Washington law, and Alaska law applies if the choice of law clause is
16 unenforceable (*see* Resp. at 3); (2) the Cruise Contract is invalid because it is a contract
17 of adhesion and the limitations clause is unconscionable (*see id.* at 4-5); and (3) 46
18 U.S.C. § 183(b),[3] which HAL argues mandates enforcement of the limitations clause,
19 applies only to maritime claims (*see* Resp. at 6-7).
20 //

---

22 [3] Although Ms. Werner refers to 46 U.S.C. § 183(b), that provision was moved to 46 U.S.C. § 30508(b). *See* 46 U.S.C. § 30508(b).

As an initial matter, the Alaska District Court has already determined that HAL and Ms. Werner entered into a binding contract and rejected Ms. Werner's "contract of adhesion" arguments against contract validity. (*See* 9/3/19 Order at 11-13.) Accordingly, the court rejects those arguments here.[4] However, although Ms. Werner is bound by the Cruise Contract to the extent it is enforceable, the court has not yet addressed the enforceability of the limitations clause specifically. (*See generally id.*) The court first sets forth the summary judgment standard before turning to the merits of HAL's motion.

A. **Summary Judgment Standard**

Summary judgment is appropriate if the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49).

---

[4] For the same reason, the court rejects Ms. Werner's argument that there is a genuine dispute of material fact regarding whether whether HAL "breached the contract or induced the Plaintiff to enter this contract by fraud." (*See* Resp. at 5.) The court has already determined that the parties entered into a binding contract. (*See* 9/13/19 Order at 11-13.) Moreover, Ms. Werner—who relies solely on her declaration as evidence in support of her response—does not identify how HAL allegedly breached the Cruise Contract, does not explain how HAL allegedly induced Ms. Werner to assent to the Cruise Contract by fraud, and submits no evidence in support of either contention. (*See generally* Resp.; Dkt.)

The moving party bears the initial burden of showing there is no genuine dispute of material fact and that it is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party does not bear the ultimate burden of persuasion at trial, it can show the absence of such a dispute in two ways: (1) by producing evidence negating an essential element of the nonmoving party's case, or (2) by showing that the nonmoving party lacks evidence of an essential element of its claim or defense. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000). If the moving party meets its burden of production, the burden then shifts to the nonmoving party to identify specific facts from which a fact finder could reasonably find in the nonmoving party's favor. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250.

The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [nonmoving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotation marks and citation omitted). The court may not weigh evidence or make credibility determinations in analyzing a motion for summary judgment because those are "jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

//

//

**B.  Choice of Law**

A cruise line passage contract is a maritime contract governed by general federal maritime law.  *See Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 834 (9th Cir. 2002) (citing *Milanovich v. Costa Crociere, S.p.A.*, 954 F.2d 763, 766 (D.C. Cir. 1992)).  Moreover, the Cruise Contract at issue here includes a choice of law clause that further confirms that maritime law applies to "all disputes" between HAL and Ms. Werner.  (*See* Cruise Contract at 2.)

Nevertheless, Ms. Werner contends that Washington or Alaska law applies to determine the enforceability of the limitations clause because Ms. Werner's injury occurred while on land and was "a non-ship injury."  (*See* Resp. at 6.)  Ms. Werner is incorrect.  The Cruise Contract explicitly applies to "periods during which You are embarking or disembarking the Ship and any activities, shore excursions, tours, or shoreside facilities related to or offered during the Cruise or Land + Sea Journey."  (*See* Cruise Contract at 3.)  Moreover, the choice of law clause applies to "all disputes" between Ms. Werner and HAL.  (*See id.* at 2.)

Accordingly, the court concludes that maritime law governs the enforceability of the one-year limitations clause in the Cruise Contract, and Ms. Werner's enforceability arguments must be evaluated under maritime law, not Washington or Alaska law.[5]

//

//

---

[5] The court therefore disregards the Washington and Alaska state case authority regarding contract enforceability that Ms. Werner relies on in her response brief.

**C.     Enforceability of the Cruise Contract's Limitations Clause**

In addition to the arguments addressed above, Ms. Werner challenges the enforceability of the Cruise Contract's limitations clause on the grounds that (1) a federal statute allowing cruise contracts to include a one-year limitations clause is inapplicable; and (2) the one-year limitations clause in the Cruise Contract is unconscionable. (*See* Resp. at 4-5.)

In addition to federal statutory restrictions, the Ninth Circuit employs "the two-pronged 'reasonable communicativeness test' to 'determine under federal common law and maritime law when the passenger of a common carrier is contractually bound by the fine print of a passenger ticket.'" *Oltman v. Holland Am. Line, Inc.*, 538 F.3d 1271, 1276 (9th Cir. 2008) (quoting *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 835 (9th Cir. 2002)). Additionally, cruise contract clauses are "subject to judicial scrutiny for fundamental fairness." *Id.* (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)).

The court concludes that 46 U.S.C. § 30508(b)(1)-(2) applies to the Cruise Contract, the limitations clause is reasonably communicative, and the limitations clause does not violate fundamental fairness.

1.  <u>46 U.S.C. § 30508(b)</u>

A federal statute prohibits the owner or manager of a "vessel transporting passengers or property between ports in the United States" from limiting by contract the period for "giving notice of, or filing a claim for, personal injury or death to less than 6 months after the date of the injury or death," or "bringing a civil action for personal

injury or death to less than one year after the date of the injury or death." *See* 46 U.S.C. § 30508(b)(1)-(2). Ms. Werner contends the statute does not apply because it applies "only to maritime claims." (*See* Resp. at 8.) Although the court disagrees, it is a moot point because the statute "does not authorize conduct, rather it restricts it." *See, e.g.*, *Sharpe v. W. Indian Co.*, 118 F. Supp. 2d 646, 652 (D.V.I. 2000). Section 30508 sets a one-year "floor" below which HAL may not limit the time for bringing civil actions. Therefore, even if Section 30508 did not apply to the Cruise Contract at issue, it would not render the limitations clause unenforceable. Conversely, if Section 30508 applies to the Cruise Contract, it again does not render the limitations clause unenforceable because the one-year limitation in the Cruise Contract complies with Section 30508.

   2. <u>Reasonable Communicativeness Test</u>

   The Cruise Contract's limitations clause passes the "reasonable communicativeness" test. The first prong of the reasonable communicativeness test "focuses on the physical characteristics of the ticket" and requires courts to "assess features such as size of type, conspicuousness and clarity of notice on the face of the ticket, and the ease with which a passenger can read the provisions in question." *Oltman*, 538 F.3d at 1276 (quoting *Wallis*, 306 F.3d at 835). The second prong "requires us to evaluate the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/ contract," including "the passenger's familiarity with the ticket, the time and incentive under the circumstances to study the provisions of the ticket, and any other notice that the passenger received outside of the ticket." *Id.* (citing *Wallis*, 306 F.3d at 836).

Here, the first paragraph of the Cruise Contract directs the customer, in bold and capital letters, to "please carefully read the following cruise contract terms," notifies the customer that the terms "affect your legal rights and are binding on you," and directs the customer in particular to "section 15, limiting your right to sue," which contains the limitations clause. (*See* Cruise Contract at 2.) To complete the check-in process, Ms. Werner was required to scroll through the full text of the Cruise Contract and click a box to accept those terms. (*See* Bergman Decl. ¶ 11, Ex. 5; *see also* Werner Decl. ¶ 9.) Ms. Werner did so on June 13, 2016, and had between then and August 26, 2016—when the cruise set sail—to review the Cruise Contract even further.

Similar cruise contracts are routinely held to pass the reasonable communicativeness test in this district. *See, e.g.*, *Wyler v. Holland Am. Line-USA, Inc.*, No. C02-109P, 2002 WL 32098495, at *2 (W.D. Wash. Nov. 8, 2002) (citing *Cummings v. Holland America Line Westours, Inc.*, 1999 A.M.C. 2282 (W.D. Wash. 1999); *Silware v. Holland America Line Westours Inc.*, 1998 A.M.C. 2262 (W.D. Wash. 1998); and *Davis v. Wind Song Ltd.*, 809 F. Supp. 76 (W.D. Wash. 1992)). HAL's Cruise Contract at issue here does so as well.

3. Fundamental Fairness

A cruise contract term is fundamentally unfair if it was included because of a "bad-faith motive" or was "a means of discouraging cruise passengers from pursuing legitimate claims." *Oltman*, 538 F.3d at 1277. However, cruise contracts "may legally shorten the limitations period to one year," meaning evidence beyond the existence of a one-year limitations clause is required to survive summary judgment. *See id.* (quoting

*Dempsey v. Norwegian Cruise Line*, 972 F.2d 998, 999 (9th Cir. 1992)).  Ms. Werner presents no evidence that HAL included the one-year limitations period out of bad faith or to discourage legitimate claims.  (*See generally* Resp.)  Therefore, the court concludes that the limitations clause survives judicial scrutiny for fundamental fairness.

**D.     Summary**

Federal maritime law applies to the enforceability of the Cruise Contract, including its limitations clause.  The Cruise Contract and the limitations clause pass the Ninth Circuit's reasonable communicativeness test and are fundamentally fair.  Ms. Werner was required to bring her claim within one year from the date of her injury.  She filed this lawsuit on August 23, 2018, more than one year after her September 1, 2016, injury.  Therefore, the limitations clause bars Ms. Werner's claim, and HAL is entitled to judgment as a matter of law.

## IV.     CONCLUSION

For the foregoing reasons, the court GRANTS Defendant Holland America Line, Inc.'s motion for summary judgment (Dkt. # 20).

Dated this 18th day of March, 2020.

JAMES L. ROBART
United States District Judge